# EXHIBIT A

*(State Court Pleadings)*



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

October 18, 2017

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
JOHN ALDEN LIFE INS CO
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201-0000

Dear Sir:

On October 18, 2017, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 167925, <u>Lula M. Wells v. JOHN ALDEN LIFE INS CO</u>, 2017-CP-43-01869.

By:

*/s/ David E. Belton*

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:   Mark D. Chappell
      Post Office Box 12330
      Columbia, SC    29211

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SUMTER<br><br>Lula Mae Wells,<br>          Plaintiff,<br><br>vs.<br><br>John Alden Life Insurance Company<br>          Defendant. | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.:<br><br><br><br>**SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO:   JOHN ALDEN LIFE INSURANCE COMPANY, THE DEFENDANT, ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 2801 Devine Street, Suite 300, Columbia, South Carolina 29201, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

CHAPPELL, SMITH & ARDEN, P.A.

s/Mark D. Chappell
Mark D. Chappell
Attorney for the Plaintiff
Post Office Box 12330
Columbia, South Carolina 29211
(803) 929-3600

October 13, 2017

ELECTRONICALLY FILED - 2017 Oct 13 2:20 PM - SUMTER - COMMON PLEAS - CASE#2017CP4301869

ELECTRONICALLY FILED - 2017 Oct 13 2:20 PM - SUMTER - COMMON PLEAS - CASE#2017CP4301869

| STATE OF SOUTH CAROLINA<br>COUNTY OF SUMTER<br><br>Lula Mae Wells,<br>     Plaintiff,<br><br>vs.<br><br>John Alden Life Insurance Company,<br>     Defendant. | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.:<br><br><br><br>**COMPLAINT**<br>**JURY TRIAL REQUESTED** |
|---|---|

The Plaintiff, Lula Mae Wells alleges as follows:

### THE PARTIES

1. The Plaintiff is a citizen and resident of the County of Sumter, State of South Carolina.

2. Upon information and belief, Defendant John Alden Life Insurance Company ("John Alden") is a corporation organized under the laws of the state of Wisconsin, with its principal place of business in the state of Wisconsin.

### JURISDICTION AND VENUE

3. The South Carolina Court of Common Pleas possesses subject matter jurisdiction over this matter pursuant to Article V, Section 11 of the South Carolina Constitution and S.C. Code Ann. § 14-5-10, et seq.

4. The South Carolina Court of Common Pleas has personal jurisdiction over the parties because the parties executed a contract in Sumter, South Carolina that was to be performed within the State of South Carolina.

5. Venue is proper in the Sumter County Court of Common Pleas pursuant to S.C. Code Ann. 15-7-30(F)(1).

## FACTS

6. Plaintiff had in force and effect a policy of Long Term Care Benefits purchased from Defendant John Alden with a policy bearing numbers 7651 and 4216 and providing long term care in a nursing facility or custodial care facility as well as a rider providing home health care benefits ("the Policy").

7. The Policy itemized a list of Activities of Daily Living that would cause Plaintiff to become eligible for the home health care benefits once Plaintiff was unable to perform two or more of those activities for herself.

8. As initially written, the Policy was in force and effect on July 13, 1995 with an annual premium of $11,148.20 and renewal rate of $3,718.20.

9. The Policy contained a guaranteed renewal provision, and Plaintiff continued to pay the annual premium from the date of effect for the Policy through August 2017.

10. On May 13, 2009, Plaintiff began receiving benefits under the Home Health Care rider of the Policy as she was unable to perform at least two of the prescribed Activities of Daily Living by herself.

11. Plaintiff continued receiving benefits under the Home Health Care rider of the Policy until July 9, 2016.

12. Defendant alleges that between the dates of May 13, 2009 to July 9, 2016, Defendant paid a total of $1,102,448.71 for home health care benefits.

13. In June 2016, Defendant sent non-medical representatives to conduct an in-home assessment of Plaintiff to determine whether Plaintiff continued to be eligible for home health care benefits under the Policy.

ELECTRONICALLY FILED - 2017 Oct 13 2:20 PM - SUMTER - COMMON PLEAS - CASE#2017CP4301869

14. At this visit, Defendant's non-medical representatives misrepresented the purpose of their visit to Plaintiff.

15. Despite Plaintiff's continued inability to perform all of the prescribed Activities of Daily Living itemized in the Policy itself, Defendant denied further home health care benefits under the Policy in a letter to Plaintiff dated July 28, 2016.

## FOR A FIRST CAUSE OF ACTION
## AS TO JOHN ALDEN LIFE INSURANCE COMPANY
(Breach of Contract)

16. The allegations stated in Paragraphs 1 through 14 above are repeated and realleged as if fully set forth verbatim herein.

17. Plaintiff and Defendant entered into a contract of insurance when Plaintiff purchased the Policy from Defendant in 1995.

18. Plaintiff maintained the contract of insurance entered into by the Parties by paying the annual premium for the purposes of renewing the Policy through the present date.

19. Defendant breached the contract of insurance entered into by the Parties by refusing to pay for Plaintiff's home health care as required under the contract of insurance.

20. As a direct and proximate result of Defendant's refusal to provide home health care to Plaintiff under the contract of insurance, Plaintiff has been denied home health care benefits and has had to incur personal expenditures for the home health care she could afford out of pocket and therefore, ,Defendant is liable to Plaintiff for the past expenses incurred by Plaintiff for home health care services denied as well as those personally paid and in addition present and future expenses for those services.

ELECTRONICALLY FILED - 2017 Oct 13 2:20 PM - SUMTER - COMMON PLEAS - CASE#2017CP4301869

### FOR A SECOND CAUSE OF ACTION
### AS TO JOHN ALDEN LIFE INSURANCE COMPANY
(Breach of Contract Accompanied by a Fraudulent Act)

21. The allegations stated in Paragraphs 1 through 19 above are repeated and realleged as if fully set forth verbatim herein.

22. Defendant has breached the contract of insurance entered into between Plaintiff and Defendant on July 13, 1995 and renewed yearly to the present date by refusing to pay home health care benefits despite Plaintiff's continued inability to perform two or more Activities of Daily Living as defined by the Policy.

23. Further, Defendant's breach of the contract of insurance in refusing to provide home health care benefits to Plaintiff was accompanied by a fraudulent act when Defendant paid more than $1 million in home health care benefits between May 13, 2009 and July 9, 2016, sent their unqualified representatives to Plaintiff's home under the false pretense of visiting Plaintiff, and used information obtained during that visit to deny further payment of benefits owed to Plaintiff under the Policy.

24. As a result of Defendant's breach of the contract of insurance accompanied by the fraudulent act of misrepresentation and false pretenses, Plaintiff seeks actual damages in the amount of expenses incurred by Plaintiff to receive home health care, as well as punitive damages in an amount to be determined by the jury.

### FOR A THIRD CAUSE OF ACTION
### AS TO DEFENDANT JOHN ALDEN
(Bad Faith)

25. The allegations stated in Paragraphs 1 through 23 above are repeated and realleged as if fully set forth verbatim herein.

ELECTRONICALLY FILED - 2017 Oct 13 2:20 PM - SUMTER - COMMON PLEAS - CASE#2017CP4301869

26. Plaintiff and Defendant entered into a mutually-binding contract of insurance on July 13, 1995, and the contract was renewed yearly to the present date.

27. Defendant refused to pay and continues to refuse to pay home health care benefits due to Plaintiff despite Plaintiff's continued eligibility of under the Policy.

28. Defendant's refusal to pay is unreasonable as Plaintiff's inability to perform two or more of the Activities of Daily Living defined under the Policy remains unchanged since Defendant's first payment for benefits on May 13, 2009 through July 9, 2016 and through the present date.

29. As a direct and proximate cause of Defendant's continued failure to pay benefits due to Plaintiff under the Policy, Plaintiff has incurred the necessary expenses for home health care since July 9, 2016 and continues to do so to the present date and continuing into the future.

30. As a result of Defendant's unreasonable refusal to pay the home health care benefits owed to Plaintiff under the Policy, Plaintiff seeks actual damages for her past and current home health care expenses. Further, as a result of Defendant's willful and reckless disregard for Plaintiff's rights under the Policy entered into by the Parties, and in accordance with *Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983), Plaintiff seeks punitive damages in an amount to be determined by the jury.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO DEFENDANT JOHN ALDEN**
(Improper Claim Practices – S.C. Code Ann.§ 38-59-20)

31. The allegations stated in Paragraphs 1 through 29 above are repeated and realleged as if fully set forth verbatim herein.

32. Defendant is conducting business and selling insurance under S.C. Code Ann. § 38-5-10 *et seq.*

33. Defendant owes the duties set forth in S.C. Code Ann. § 38-59-20 to its insured, specifically, the duty to pay claims arising under coverages provided under the policy.

34. By refusing to continue providing home health care benefits under the Policy, Defendant violated S.C. Code Ann. § 38-59-20(8).

35. As a result of Defendant's violation of South Carolina insurance law, Plaintiff seeks actual damages as well as reasonable attorney's fees in accordance with S.C. Code Ann. § 38-59-40.

### FOR A FIFTH CAUSE OF ACTION
### AS TO DEFENDNAT JOHN ALDEN
(Specific Performance)

36. The allegations stated in Paragraphs 1 through 34 above are repeated and realleged as if fully set forth verbatim herein.

37. Defendant owes specific duties to Plaintiff under the contract of insurance entered into on July 13, 1995 and renewed annually to the present date, including payment of claims arising under the provisions of the Policy. In return, Plaintiff owes payment to Defendant in the agreed-upon amount for payment of those claims.

38. These duties owed by each party are ongoing while the contract is in effect.

39. Plaintiff's duties have been fulfilled annually through Plaintiff's payment of the annual premium due under the contract.

ELECTRONICALLY FILED - 2017 Oct 13 2:20 PM - SUMTER - COMMON PLEAS - CASE#2017CP4301869

40. Defendant has breached its duty by refusing to pay the claims arising under the provisions of the Policy.

41. Plaintiff respectfully asks the court to order John Alden Life Insurance Company to specifically perform the duties set forth in the contract of insurance entered into by the Parties, specifically Defendant's duty to provide home health care insurance benefits to Plaintiff.

### PRAYER FOR RELIEF

Having set forth the previous allegations, Plaintiff Lula Mae Wells respectfully prays for the following relief:

1. A trial by jury;
2. Judgement against Defendant for actual damages in an amount to be determined by the jury.
3. Judgment against Defendant for punitive damages in an amount to be determined by the jury;
4. Equitable remedy in the form of specific performance to be granted by the judge;
5. The billable costs and expenses of this action;
6. All other such relief that justice may require.

---

CHAPPELL, SMITH & ARDEN, P.A.

s/Mark D. Chappell
Mark D. Chappell
Attorneys for Plaintiff
Post Office Box 12330
Columbia, South Carolina 29211
803/929-3600

October 13, 2017

Summons and complaint of within entitled cause received at this office and service accepted in accordance with law this __18__ day of __Oct 17__

*Raymond W. Farmer*

Director of Insurance
and Attorney to Accept Service
Columbia, SC